THE STATE, Appellant, v. WOOLERY, Respondent.

1. The pardoning power granted by the constitution to the governor of this state extends to the granting of pardons as well before as after conviction.

*Appeal from Benton Circuit Court.*

The pardon pleaded in bar by the defendant was granted pending the indictment.

*Noell*, (attorney general,) for the State.

*Johnson & Ballou*, for respondent.

I. The governor has power to grant pardons before conviction. (Const. of Mo., art. 4, § 6; State v. Sloss, 25 Mo. 291; 4 Black. Com. 395, 401; 1 Bish. Crim. Law, § 705; 1 Kent Comm. 284; 18 How. 310; 1 Hawk. P. C. 553; Story on Const. § 1509; 7 Pet. 150; Baldw. C. C. 91; 1 Opinions of Att'ys General, p. 341; 2 id. 230.) The plea in bar is good. (1 Archb. C. L. 114; 1 Chitt. C. L. 469.)

SCOTT, Judge, delivered the opinion of the court.

Prudence Woolery was indicted for murdering her bastard child. She plead in bar of the indictment a pardon from the governor, which was allowed her. From this the State appealed, maintaining that the governor could not pardon before conviction.

The constitution ordains that the governor shall have power to remit fines and forfeitures, and, except in cases of impeachment, to grant reprieves and pardons. Thus it will be seen that, with a single exception, the power of pardon is

absolute and uncontrolled, and the governor possesses that prerogative in as ample manner as it is enjoyed by the kings of England. There it never was doubted but that the king could pardon before conviction. Blackstone says that a pardon may be pleaded in bar of an indictment. If it is a good bar to a prosecution, it must be a valid act. (4 Black. Comm. 337.) He says the king's charter of pardon must be specially pleaded, and that at a proper time; for if a man is indicted, and has a pardon in his pocket, and afterwards puts himself upon his trial by pleading the general issue, he has waived the benefit of such pardon; (id. p. 402;) thus clearly showing that a pardon before conviction is effectual.

It seems to be equally well settled in the United States that unless the power of pardoning is restricted, it may be exercised as well before as after conviction. (Rawle on the Constitution, 177; Walker's American Law, 98.)

The other judges concurring, the judgment will be affirmed.